UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Alice Cooper, d/b/a Vincent Furnier; | ) | C/A No. 6:08-412-MBS-WMC |
| | ) | |
| George F. Will, d/b/a Journalist; | ) | C/A No. 6:08-413-MBS-WMC |
| | ) | |
| Marvin Lee Aday, a/k/a Meatloaf; | ) | C/A No. 6:08-414-MBS-WMC |
| | ) | |
| Garrison Keillor, d/b/a Host "A Prairie Home Companion"; | ) | C/A No. 6:08-415-MBS-WMC |
| | ) | |
| Mike Gravel, d/b/a Former Alaska Senator; | ) | C/A No. 6:08-416-MBS-WMC |
| | ) | |
| Ozzy Osbourne, a/k/a John Michael Osbourne; | ) | C/A No. 6:08-417-MBS-WMC |
| | ) | |
| Glenn Beck, d/b/a The Glenn Beck Show; | ) | C/A No. 6:08-418-MBS-WMC |
| | ) | |
| Ellis Cose, d/b/a Newsweek Magazine; | ) | C/A No. 6:08-419-MBS-WMC |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above listed cases are civil rights complaints filed by a prisoner pursuant to 42 U.S.C. § 1983. Therefore, in the event that a limitations issue arises, the Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

**TO THE PLAINTIFF:**

The above listed cases are not in proper form for evaluation and service at this time. **Any case which Plaintiff fails to bring into proper form within the time permitted by this Order may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.).**

Plaintiff is given **twenty (20) days** from the date this Order is entered (plus three days for mail time pursuant to Fed. R. Civ. P. Rule 6(e)) to:

1) Pay the filing fee for each case. The payment should be in the amount of Three Hundred Fifty Dollars and no/cents ($350.00) **per case**. If possible, Plaintiff should indicate on the check that it (the check) is for payment of the initial installment of the filing fee and Plaintiff should reference the case action number (C/A No.) to which the check corresponds. The check for the filing fee should be made payable to "Clerk, U.S. District Court." If unable to pay the filing fee in full, complete and submit the Form AO 240 and Financial Certificate referred to below.

2) If unable to pay the full filing fee, complete, sign, and return a Form USM-285 for each Defendant in the above listed cases. **Only one Defendant's name and service address should appear on each form**. The Defendant's name and address should be placed in the spaces preceded by the words "SERVE AT." Plaintiff's name and address should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and Plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." Plaintiff must provide the Defendant's complete address on the form. Plaintiff must provide, and is responsible for, information sufficient to identify the Defendant on the Form USM-285. The United States Marshal cannot serve a Defendant that is not properly identified, and Defendants that are not served may be dismissed as parties to this case. Blank forms are attached for Plaintiff's use.

3) Complete a separate summons form for each Defendant sued. In the space preceded by "TO:," Plaintiff is required to provide a full address where the Defendant can be served. Plaintiff's name and address should be printed in the section for "PLAINTIFF'S ATTORNEY (name and address)." Nothing else should be written by Plaintiff on either the front or back of the summons. Blank forms are attached for Plaintiff's use.

4) If unable to pay the full filing fee, complete the enclosed Financial Certificate. The Financial Certificate must be signed by you and completed and signed by the appropriate officer having authority to review and calculate financial information in relation to your inmate trust account. After you send the Financial Certificate to the appropriate officer and receive it back with the required information, including a signature, you must return the Financial Certificate to the Office of the Clerk of Court.

5) If unable to pay the full filing fee, complete, sign and return the enclosed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240). Write the civil action number (C/A No.) for **each** case, in which you wish to proceed without prepayment of the filing fee, on the Form AO 240.

2

In previous cases, Plaintiff has stated that he could not afford the postage required to submit service documents to the Court. However, several courts have determined that prisoners are not entitled to unlimited free postage. *See Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978); *Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir. 1974); *Caputo v. Fauver*, 800 F. Supp. 168 (D.N.J. 1992);*Dugar v. Coughlin*, 613 F. Supp. 849, 853 (S.D.N.Y. 1985). Therefore, Plaintiff is responsible for the costs associated with mailing any documents needed to bring the above listed case(s) into proper form.

Plaintiff must place the civil action number(s) listed above on any document provided to the Court pursuant to this Order. ***In the meantime, no process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge***.

**Any future filings in the above listed case(s) must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with his full legal name written in his own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.[1] Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 10768, Greenville, South Carolina 29603**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case(s) may be dismissed for violating this Order.** Therefore, if you have a change of address before these cases have ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.
>
> Put this Order with your own record of the above listed case(s) so that you will not overlook your duty. If an attorney serves you by mail on behalf of a Defendant, you also have a duty to notify that attorney if your address is to be

---

[1] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 116 Stat. 2899, this Court has implemented Electronic Case Filing (ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of letter-sized paper is required.

3

changed for mail purposes. If your address changes in the future, you must provide the Court with your *own* new address.

### **WARNING OF POSSIBLE SANCTIONS FOR CONTINUED VEXATIOUS FILINGS**

Plaintiff has begun to build up an extensive history of cases filed in this Court in a relatively short time.[2] The first cases were filed and summarily dismissed in early 2006. *See Riches v. Bush*, Civil Action No. 6:06-cv-00194-MBS; *Riches v. Bureau of Prisons,* Civil Action No. 4:06-cv-00442-MBS. Since September 2007, Plaintiff has filed at least one hundred (100) separate cases in this Court. The docket reflects that none of these cases were filed in proper form, and that Plaintiff has not responded to at least eight (8) proper-form orders that have been issued to date by this Court.[3] Thus, it appears that Plaintiff may be filing cases for the sole purpose of creating additional work for this and other federal courts.[4] Each of Plaintiff's *pro se* complaints, regardless of facial merit, currently must be formally opened and docketed by Clerk's staff. Following docketing, each case must undergo the Court's procedural initial review process to determine whether or not it should be summarily dismissed, amended, or served on the opposing parties. *See* 28 U.S.C. §636(b)(1)(B); D.S.C. Civ. R. 73.02.

This Court has the authority to order a pre-filing injunction or other appropriate sanction against the Plaintiff. *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). *See also Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of pre-filing review); *Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness"). The sanctions which the Court may consider

---

[2] Since December, 2007, Plaintiff has filed ninety-two (92) cases, including the present action, with this Court. *See* Civil Actions No. 4:07-cv-4094-MBS-WMC thru 4:07-cv-4098-MBS-WMC; 6:07-cv-4135-MBS-WMC thru 6:07-cv-4139-MBS-WMC; 6:07-cv-4141-MBS-WMC thru 6:07-cv-4145-MBS-WMC; 6:08-cv-0098-MBS-WMC thru 6:08-cv-0102-MBS-WMC; 6:08-cv-0120-MBS-WMC thru 6:08-cv-0125-MBS-WMC; 6:08-cv-0166-MBS-WMC thru 6:08-cv-0174-MBS-WMC; 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC; 6:08-cv-0294-MBS-WMC thru 6:08-cv-0301-MBS-WMC; 6:08-cv-0332-MBS-WMC thru 6:08-cv-0349-MBS-WMC; 6:08-cv-0393-MBS-WMC thru 6:08-cv-0396-MBS-WMC; 6:08-cv-0412-MBS-WMC thru 6:08-cv-0419-MBS-WMC.

[3] *See, e.g.*, *Riches v. Simpson*, Civil Action No. 4:07-cv-03163-MBS; *Riches v. Simpson*, Civil Action No. 4:07-cv-03177-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03191-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03238-MBS; *Riches v. Joel*, Civil Action No. 4:07-cv-03313-MBS; *Riches v. Thomas,* Civil Action No. 4:07-cv-03327-MBS; *Riches v. Stewart,* Civil Action No. 4:07-cv-03425-MBS; *Riches v. Simpson,* Civil Action No. 4:07-cv-03456-MBS-WMC.

[4] According to the internet website "Justia.com," Plaintiff is also filing multiple similar cases in several other federal courts around the country. Since December 1, 2007, Plaintiff has filed over 160 cases across the country. This is malicious and vexatious behavior on Plaintiff's part. *See* http://dockets.justia.com.

4

include, but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order of contempt of court; and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure. Overly litigious, malicious, and/or vexatious individuals place a burden on the judicial system and divert judicial resources from other pending litigation, so a court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

**Accordingly, Plaintiff is hereby placed on notice that sanctions may be imposed which will place restrictions on Plaintiff's ability to file future cases in this Court if he:**

- **(1)   Continues to submit cases which he fails to pursue and prosecute; and/or**
- **(2)   Continues to file cases which fail to state a claim on which relief may be granted or are deemed frivolous or malicious.** *See* **§ 1915(e)(2)(B)(i), (ii).**

**TO THE CLERK OF COURT**:

The Clerk of Court is instructed to provide Plaintiff with any forms or papers referenced above that are necessary to bring these cases into proper form. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this Order, the Office of the Clerk of Court shall return the file to the assigned United States District Judge to determine if the case(s) should be dismissed.[5] If, however, Plaintiff provides this Court with the items specified above, the Office of the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Office of the Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**IT IS SO ORDERED**.


February 12, 2008                                       s/William M. Catoe
Greenville, South Carolina                       United States Magistrate Judge

***Plaintiff's attention is further directed to the important WARNING on the following page.***

---

[5] A dismissal for failure to bring a case into proper form will not be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007).

5

## IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

## WARNING TO PRO SE LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

*YOU* ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. *YOU* MUST REMOVE CERTAIN *PERSONAL IDENTIFYING INFORMATION* FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, *a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information in documents submitted for filing to any United States District Court.* This rule applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

**(a) Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
**(c) Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
**(d) Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
**(e) Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (*e.g.*, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information of the litigant (or any other person) that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).